Parsons, C. J.
The action is assumpsit, on a writ sued out of, and returnable to, the Common Pleas for this county, which is tested by Joseph North, first justice of the said court. The defendants move that the writ may abate for matter apparent on the face of it; that by law every writ is to bear test of the first justice of the court of which it may be sued, who is not a party; and that every inhabitant of the county of Kennebeck is a party.
[ * 463 ] * As by law the several justices of the Courts of Common Pleas must be inhabitants and freeholders of the county for which the courts are respectively holden ; and as in judgments recovered against the inhabitants of a county, the estate of every inhabitant is liable to be taken by execution to satisfy such judgments; every inhabitant of a county may be deemed a party to all actions sued against it. And if this motion prevails, the consequence is, that no action against a county can, as the law now is. be sued in the Court of Common Pleas for such county.
This consequence is admitted by the defendants, who, not rely *387 ing merely on the statutes of the government, have recurred to the constitution of the commonwealth, which is a paramount law; in which it is also declared that all writs shall bear test of the first justice, not a party.
In looking into our statutes, there are two which relate to suits against a county. The statute of 1782, c. 11, authorizing a sheriff to sue for an indemnity by the county for the insufficiency of the jail, impowers him to commence the action, either in his own or an adjoining county, at his election. But the more general statute of 1809, c. 127,ϯ provides that when a private individual shall sue a county, the suit may be commenced in that county, or in an adjoining county, at his option ; but that all actions sued by a county shall be sued in an adjoining county.
This option may be supposed to be given on the ground that if a plaintiff, having a demand against a county, was willing to submit to the judges or jury of the county, there could be no objection; for volenti non fit injuria. And as the teste of the writ is mere form, if this Court had a power, which it has not, of ordering an action commenced in one county to be tried in another, when impartial justice required it, we should be strongly inclined to support this option, as constitutionally given.
But when it is considered that every action must, in this state, be tried in the county in which it is commenced, it * seems most reasonable to adhere to the express words [ * 464 ] of the constitution ; so that, in all cases where a county is a party, the Court can compel an impartial trial. For if the plaintiff, in exercising this right of option, should sue in the county, the inhabitants of which are defendants, every judge and every juror, as interested directly in the event of the suit, might legally refuse to sit as a judge, or to act as a juror, and there would be a failure of justice. But by not granting this option, and directing that all actions, in which the inhabitants of a county are a party, shall be sued in some disinterested county, an impartial trial may always be had, and the express letter of the constitution be adhered to; from which we ought never to depart, unless to pursue the general manifest intention of the people, who were the legislators in establishing it as the supreme law of the land.
It is therefore our opinion that the motion must prevail, and the writ be quashed, because it was sued in the wrong county.

Writ abated.

 This statute was made after the Commencement of the present action.